## Case No. 10,451.

### OFFUTT v. HENDERSON.

[2 Cranch, C. C. 553.] [1]

Circuit Court, District of Columbia. April Term, 1825.

SCIRE FACIAS TO REVIVE JUDGMENT — LIMITATION AS TO TIME—PLEA OF NUL TIEL RECORD—EXECUTION RETURNED.

1. The English statute of Westm. II. (13 Edw. I. c. 45), which gives a scire facias to revive judgments in personal actions, is still in force, in Virginia, for that purpose.

2. The act of Virginia of the 19th of December, 1792 (section 5), limiting the time of issuing writs of scire facias, in certain cases, is an act of limitations, and must be pleaded.

3. The defendant cannot avail himself of it by plea of nul tiel record, nor by motion to quash the scire facias, nor by motion in arrest of judgment.

4. It does not apply to a case where an execution has issued and been returned.

Scire facias, issued in May, 1824, to revive a judgment rendered on the 6th of December, 1805, in favor of [Offutt,] the plaintiff's testator, against the defendant Henderson. Plea, "no such record," general replication, and issue.

Mr. Taylor, for defendant, contended that it appeared upon the face of the scire facias

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

itself, that it ought not to have issued, because the year and day since the judgment had elapsed, and the case was not within the provisions of section 5 of the Virginia statute of the 19th of December, 1792, an execution having been issued and returned; and the act applies only to the case "where execution hath not issued," "or where execution hath issued and no return is made thereon." In the first of which cases, the plaintiff may have a scire facias within ten years after the judgment; and in the second case, may, within the ten years, have other executions, or move against the sheriff or his sureties, for not returning the same; but it makes no provision for a scire facias, in case an execution has been returned. By the common law no execution could issue after the year and day, nor could the plaintiff in a personal action have a scire facias. A scire facias in such case was first given by the statute of Westm. II. (13 Edw. I. c. 45), but that statute, and all the other English statutes, which were, by an ordinance of the convention, in May, 1776, declared to be in force until the same should be altered by the legislative power of the colony, ceased to be in force upon the repeal, on the 27th of December, 1792, of so much of that ordinance as related to those statutes; so that there is now no law authorizing a scire facias in a personal action, except in the case where an execution has not issued. In the present case the scire facias is brought by the executor of the original plaintiff, which is a case not provided for by law.

Mr. Mason, for plaintiff, contrà. This question cannot arise upon the issue of nul tiel record. The statute of 19th December, 1792, § 5, is an act of limitations, and must be pleaded. Gee v. Hamilton, 6 Munf. 32.

Mr. Taylor, in reply. This is not an act of limitations, but an enabling act. An act of limitations supposes a previous right which it restrains; but we rely upon the want of authority in the court to issue a scire facias at all in this case. If the issue of nul tiel record be found for the plaintiff, the defendant may still move in arrest of judgment.

CRANCH, Chief Judge. The fifth section of the act of Virginia, of the 27th of December, 1792 (page 291), repealing so much of the ordinance of the convention passed in May, 1776, as declared the English statutes to be in force until altered by the legislative power of the colony, saves to every person the right and benefit of every writ remedial and judicial which might have been legally sued out before the passing of that act, and with the like proceeding thereupon to be had, as fully as if the act had not been made. By this clause the right to the writ of scire facias to revive judgments is saved. The act of the 19th of December, 1792 (page 108, § 5), was passed while the English statutes were in force; and must be considered as an act of limitations. It limits the action of debt as well as the scire facias. The question then is whether it must be pleaded; or may it be moved in arrest of judgment? The use of a special plea is to state what does not already appear upon the record. It would only state the date of the judgment and the time of the issuing of the scire facias, both of which already appear upon the face of the scire facias. If the statute of limitations had been pleaded the plaintiff might have replied an execution taken out within the year, which, although not returned, would, as I understand the act, take the case out of it as to the remedy by scire facias, although the plaintiff could not have a new execution or move against the sheriff; or the plaintiff might perhaps reply infancy, or imprisonment, or non compos mentis, or out of the district, or some other matter to avoid the bar. Perhaps these matters might be shown upon a motion to quash the scire facias; but I do not think they could be made to appear judicially to the court upon a motion in arrest of judgment; and therefore I think the statute of limitations is not a good ground for such a motion. I believe the defendant's remedy is by motion to quash the scire facias; or by plea; but I think the court should not now let in the plea, without affidavit of merits.

At the subsequent term, (November term, 1825,)

Mr. Taylor stated that he was satisfied that he could not support a motion to quash the scire facias, but moved for leave to plead specially the statute of 19th December, 1792, § 5; and, as a ground for the motion, alleged that he had not supposed it necessary to plead it, as he was not aware that the statute of Westm. II., giving a scire facias, was in force in Virginia, and offered to make affidavit of that fact, and that the defendant had instructed him to rely on the statute of limitations.

Mr. Mason, contrà. An execution was issued immediately after the judgment, and was returned, and the defendant was discharged under the insolvent act. The act of the 19th of December, 1792, applies only to a case where no execution has been issued; or if refused, has not been returned. It does not apply to this case; and therefore there would be no use in pleading it. The plea would be bad upon demurrer. There is no limitation but that which may be inferred from the lapse of time.

In 1816, a motion was made to issue an execution under the saving clause of the statute of 19th December, 1792, § 6. An execution was issued upon that motion and was returned. The plaintiff then died, and the executor was obliged to bring his scire facias.

The motion was continued under cur. ad. vult., and Mr. Mason and Mr. Taylor were to examine the case further and furnish the

court with notes of authorities, &c. But the question does not seem to have been moved again.